ROBERTS *v.* STATE.*

(Division B.   April 1, 1929.)

[121 So. 279.   No. 27625.]

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1233, p. 622, n. 12; section 1579, p. 772, n. 27; section 2506, p. 1063, n. 85. On use of confession in aid of other evidence to establish *corpus delicti*, see annotation in 68 L. R. A. 73.

*A. M. Edwards,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

ANDERSON, J. Appellant was indicted and convicted in the circuit court of Simpson county of the crime of unlawfully possessing intoxicating liquor, and sentenced to pay a fine of two hundred fifty dollars and to serve a term of thirty days in the county jail. From that judgment, appellant prosecutes this appeal.

K. Thames, a deputy sheriff of Simpson county, procured a search warrant for the search of appellant's home and premises for intoxicating liquor. Pursuant to the authority conferred on him by the warrant, Thames, with two other deputy sheriffs of the county, went to the home and premises of Walter Roberts, the father of appellant. There they found appellant and some other members of his father's family. The warrant was served on appellant. The officers made a search of the premises, and in a hole near the residence there was found buried a ten-gallon keg of corn whisky. Appellant did not reside in the home of his father, but elsewhere. Appellant was arrested and taken by the officers along with the whisky in an automobile to Mendenhall and there placed in jail. One of the officers testified on behalf of the state that, while making the trip to Mendenhall, he asked appellant how much he got for the whisky when he sold it, and appellant answered that he did not buy the whisky for the purpose of sale, but bought it to drink. Appellant testified that he knew nothing about the presence of the whisky on the premises of his father; that it was not his, and he was not in possession or control of it.

The evidence of the officers making the search and finding the whisky was the principal evidence relied on by the state to convict the appellant, and was admitted by the court over appellant's objection. Appellant's objection to the evidence was upon the ground that it was secured by the search of his father's home and premises, and not appellant's; that the search warrant only authorized the officers to search the home and premises of

appellant, while, as stated, the state's evidence against appellant was secured by the search of the home and premises of his father. In order for a defendant to avail himself of his constitutional right against an unreasonable search and seizure, *his* premises must be invaded, not that of another. He cannot complain of the unlawful search of the premises of another. *Lee* v. *Oxford,* 134 Miss. 647, 99 So. 509; *Falkner* v. *State,* 134 Miss. 253, 98 So. 691; *Harris* v. *State* (Miss.), 98 So. 349.

Appellant contends that the *corpus delicti* was not proven. There is no merit in that contention. The body of the crime in this case was the buried ten gallons of whisky. That was proven by the testimony of others than appellant. The question was as to the identity of the person possessing the whisky. That was shown by appellant's confession to one of the officers making the search and finding the whisky. It is true that the *corpus delicti* cannot be proven alone by the defendant's confession of guilt, but his criminal agency may be shown by his own confession. *Osborne* v. *State,* 146 Miss. 718, 111 So. 834.

No error was committed by the court in refusing instructions requested by appellant. The two instructions, requested by appellant and refused by the court, of which appellant complains, were addressed to phases of the case fully covered by other instructions. Therefore, if they embodied correct principles of law, appellant suffered no harm by their refusal.

Over appellant's objection the court permitted the witness Mangum, who was one of the officers making the search and finding the ten gallons of whisky, to testify that the day before the search he had information that appellant had gone to the coast for a load of liquor.; that he called up the sheriff of Simpson county and told him of that information; that the witness, with the other officers making the search, spent the night before the day of the search near the home of appellant's father,

watching for appellant; and that before making the search the witness had been informed that appellant had arrived at the home of his father from the coast with a load of whisky which he had rolled around his father's house. As stated, appellant testified that the ten gallons of whisky was not his; that he did not know of its presence on his father's premises; that he had neither possession of it, nor control over it, and further he denied that he had stated to one of the officers making the search and arrest that he had bought the whisky to drink and not to sell. Although the body of the crime was shown without conflict in the evidence, that is not true of the issue of appellant's criminal agency. The evidence of the witness Mangum, admitted over appellant's objection, must have strongly influenced the jury against appellant on that issue. It was hearsay pure and simple, and therefore ought not to have been admitted. Appellant was entitled to have submitted to the jury on competent evidence the question as to whether or not he possessed or controlled the whisky. This was not done. We think the action of the court denied the appellant a substantial right.

*Reversed and remanded.*