NICHOLS *v.* STATE.

(Division B. Feb. 13, 1933. Suggestion of Error Overruled, March 13, 1933.)

[145 So. 903. No. 30192.]

C. L. Sumners, of Corinth, and J. S. Finch, of Boone-
ville, for appellant.

**Herbert Nunnery,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, G. C. Nichols, some time prior to his conviction, was employed by M. F. Ammons, who was in the furniture business in Corinth, Mississippi, and, while so employed, Ammons missed money from his safe, and took the precaution to make notes of the money therein at various times, and the amount missing when the safe was again opened by him.

On July 2, 1931, Ammons missed fifty dollars from the safe. The appellant had been in the store and had opportunity to get money from the safe. Suspecting

Nichols, Ammons had discharged him, but, as Nichols knew the addresses and places of residence of a number of customers owing the firm, when collections were to be made, he re-employed Nichols to work in that regard, but continued to keep check upon the money placed in the safe, and to find some missing.

On or about November 19, 1931, Ammons procured the chief of police to watch, from a point of observation where he could not be seen, while the appellant was in the store, and while Ammons had gone to dinner, and the bookkeeper was absent, and the chief of police testified that Nichols went to the safe, opened it, and took some money therefrom; that he (the chief of police) then went into the store, arrested Nichols, accused him of stealing, took him upstairs, and telephoned Ammons to come. At first, the appellant denied taking the money, but, on being told that he had been watched by the chief of police, he admitted taking it. When Ammons told him of the losses at various times, among others, the one showing fifty dollars on July 2, 1931, Nichols admitted getting the fifty dollars, in the presence of the chief of police and Ammons, and some other items, but denied certain items.

Nichols was indicted for the theft of fifty dollars on July 2, 1931, and was tried for that.

In addition to what has been stated, it was shown by two other witnesses that on the second day of July, 1931, the appellant was seen talking to two strange men, at least two men the employees in the store did not know, in front of the store. These men came into the store and professed a desire to look at some furniture, each wanting a separate kind. The bookkeeper and another employee went upstairs with the prospective customers, and showed them furniture, leaving the appellant, Nichols, downstairs where the safe was situated. They did not buy any furniture, and thereafter were never seen by the witnesses.

When Nichols was arrested by the chief of police, he had in his possession a broken key which fitted the lock of the safe, but would not open it because there was a piece of it in the lock. When this piece was taken from the lock, it fitted the broken key in the appellant's possession.

The chief of police and Ammons both testified that no hope was held out, and no threat made, to induce the confession. The officer admitted that he did not warn the appellant that his confession would be used against him.

It is claimed that this confession was not free and voluntary, and that the appellant was taken upstairs and his brother-in-law was not permitted to be up there with him.

This evidence has received our attention, and we think the confession was free and voluntary. Under the law of this state, an officer is not bound to warn a prisoner that the evidence which he gives will be used against him. If a prisoner makes a free and voluntary confession while under arrest, it is admissible, although no warning was given that it would be used against him. We have so decided a number of times, and the law is thoroughly settled in that regard in this state.

It is next insisted that the evidence is not sufficient to prove the corpus delicti aliunde the confession of the prisoner.

We think it was clearly established that some one had gone into the safe on July 2, 1931, and abstracted money therefrom without the consent of the owner thereof.

The witnesses testified that, on the occasion in question, the appellant was seen talking, in front of the store, with two strange men, and, after talking with him, they came into the store, ostensibly to buy furniture, each one taking one salesman to wait on him, while the appellant was left alone in that part of the store where

the safe was, on the lower floor. The owner of the store had carefully checked up the money, and made a note of it, and found some missing.

We think this evidence, taken in connection with the confession, is ample to support a conviction. The evidence, aliunde the confession, is clearly sufficient to show felonious larceny of money from the safe, and establishes beyond a reasonable doubt the corpus delicti.

Of course, the corpus delicti does not have to be established beyond a reasonable doubt, but is to be established to a probability, and then, when coupled with the confession and proof, may be considered as establishing the corpus delicti beyond a reasonable doubt.

It is also claimed that the court erred in not permitting the defendant, on the trial on the merits before the jury, after the judge had ruled on the admissibility of the evidence, to cross-examine the witnesses as to the details attending the obtaining of the confession.

The record does not show that the defendant offered to produce specific evidence, or to go into the cross-examination of witnesses for this purpose; but it seemed to be the idea of the attorneys, at the time, that the jury could reject the evidence, if they thought the confession was improperly obtained.

Furthermore, no questions were specifically asked which would show what particular evidence, or what particular circumstances, were to be offered to the jury. The general statement that they wanted to offer some evidence that was heard out of the presence of the jury, without stating the purpose for which they were offering it, or that it was for the purpose of affecting the credibility of the confession, was insufficient.

Of course, any evidence that would weaken the credibility of the confession should be admitted for the purpose of enabling the jury to weigh the evidence as to the confession.

There is nothing in the record to show that such evidence would have weakened the confession; and it was not reversible error, therefore, to exclude it. Some of the statements before a judge, in many cases, have no relevancy as to the weight of the evidence.

We are unable to find any error that would warrant us in reversing the conviction, and the judgment is therefore affirmed.

Affirmed.