YATES *v.* STATE.

(Division B. May 6, 1935. Suggestion of Error Overruled May 20, 1935.)

[161 So. 147. No. 31754.]

Martin & Beery, of Prentiss, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **G. L. Martin** and **O. L. Berry**, for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

Robert Yates was indicted with Ransom Jones for burglary and larceny, and was tried and convicted and sentenced by the circuit court of Jefferson Davis county to serve seven years in the state penitentiary, from which Yates appeals to this court.

The proof of the state showed that a cotton house owned by Carl Bridges, in which was stored about one thousand two hundred pounds of cotton seed, was burglarized in December, 1934, and the seed was carried away and sold to a dealer at Magee, Miss. The value of the alleged stolen seed was placed at thirty dollars. It is shown by state witnesses that the cotton house or pen was locked with a staple lock, which had been broken, and the cotton seed, except for a very small portion, had been taken away. On learning of this burglary, an investigation began, and, the appellant having heard thereof, and also having heard some rumor of his connection therewith, went to a constable of the district and asked to be taken to jail, which was done by the constable and another. He requested them to go to see Carl Bridges, the owner of the seed house, and state to him that the appellant was the person who "had done him

wrong,'' and that he (the appellant) was ready to pay off. There was no promise or threat or anything to show that the appellant was not voluntarily making this statement. On the contrary, the parties testified that it was voluntarily made. The statement was communicated to Bridges, and he went to the county jail, where the appellant made the same statement, and asked what it would take to satisfy Bridges, who stated that, so far as he was concerned, he would be satisfied with fifty dollars. The appellant made a statement as to how it occurred, saying that he and one Jones secured some other cotton seed, and that Jones broke the lock on Bridges' cotton house, and they took seed therefrom and loaded it into a truck owned by the appellant with such other seed, and carried it all to Magee, where early Saturday morning it was sold to a dealer at that point. This buyer testified that there was some one thousand six hundred odd pounds, and it was said to be worth forty-four dollars per ton, and this dealer paid Bridges for the seed.

There was a severance, and the appellant was tried alone.

The indictment, leaving off the formal parts, is as follows: ''That Robert Yates and Ransom Jones, in said County and State, on or about the ——— day of January, A. D. 1935, did wilfully, unlawfully, feloniously, and with force and arms burglariously break and enter in the nighttime a certain building, to-wit; a cotton house, the property of Carl Bridges, with the felonious and burglarious intent of them, the said defendants, then and there to take, steal and carry away the personal property of the said Carl Bridges, to-wit; cotton seed, which said cotton seed was then and there of value, and was then and there kept and stored in said cotton house for the purpose of safe keeping and use, and then and there being found in said building, one thousand two hundred pounds of cotton seed of the value of thirty dol-

lars, the personal property of the said Carl Bridges, wilfully, unlawfully, feloniously and burglariously did take, steal and carry away, contrary to Section 817 of the Mississippi Code of 1930 and . . . against the peace and dignity of the State of Mississippi.''

The appellant contends that it was not charged in the indictment that the cotton house or pen was situated in Jefferson Davis county. In view of the above-quoted language, it is difficult to see how this contention could be made. The offense is charged to have been committed in ''said county and State,'' and the caption names Jefferson Davis county. Unless the building was situated in said county, how could it be broken open in said county and seed taken therefrom? The indictment sufficiently charges the breaking and entering and other elements of the crime as having been committed in Jefferson Davis county; consequently this contention is without merit.

It is also contended that there is no verb charging action with reference to the burglary. The indictment uses this language, ''did wilfully, unlawfully, feloniously and with force and arms burglariously break and enter,'' etc., and the appellant was convicted of burglary.

It is also contended that the corpus delicti was not proven independently of the confession. The proof showed that the lock was broken, the door opened, and the seed taken away without the consent of the owner. That constituted the corpus delicti. The appellant established his connection by his confession after the crime had been committed. The circumstances in evidence in this case show conclusively that a burglary was committed. It is not a part of the corpus delicti to show that the appellant did the breaking, but it was the criminal breaking without the consent of the owner, for the purpose of taking property stored in the building that constituted the corpus delicti. This was amply shown by the evidence.

It is next contended that the evidence of Benson Allen who bought the cotton seed was not admissible. We think this contention is utterly without merit. The seed was sold to him early in the morning following the breaking of the lock on the seed house, and the statements made showing that the appellant had assisted in breaking into the building and taking away the seed which had been sold to Benson certainly had weight in sustaining the conviction.

It is next contended that the proof is not sufficient to show the value of the seed taken. It does not matter, under our statute, whether the seed was worth above twenty-five dollars or below that sum, and the proof is that there were approximately one thousand two hundred pounds of seed worth forty-four dollars per ton. The fact that other seed were also stolen does not impose on the state the burden of proving how much was stolen at each theft.

It is complained that the instruction given for the state, among other things, stating that, "while said cotton seed were then and there so kept in said cotton house that the defendants, Robert Yates and Ransom Jones did then and there in Jefferson Davis county, State of Mississippi, wilfully, unlawfully, feloniously and with force and arms, burglariously break and enter in the nighttime, the cotton house aforesaid," deprived the appellant of his severance from Jones in the trial. It was proper and necessary to show who did the breaking, and that it was a joint enterprise, and, if both broke into the building, or if one did it with the assistance of the other, each is guilty. There was no showing of any evidence received against the appellant which would only be admissible against Jones, and there is no reversible error in the judgment of the court below. It will therefore be affirmed.

Affirmed.