ANDERSON *v.* STATE.

(Division A. March 6, 1939.)

[186 So. 836. No. 33538.]

**E. O. Whittington,** of Liberty, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction for aiding one who was under arrest for the commission of a felony to escape.

James Williams committed a burglary and was arrested therefor. He was handcuffed by the arresting officers and escaped from their custody with the handcuffs on him. He turned up the next day without the handcuffs, and was again arrested. The appellant was then taken into custody, charged with removing the handcuffs from Williams' arms. Over his objection, on which it will not be necessary for us to rule, a confession, said to have been made by him, that he removed the handcuffs from Williams' arms, knowing that he had committed burglary, was introduced in evidence. The record is barren of any evidence that could be considered by the

jury remotely indicating how or by whom the handcuffs were removed from Williams' arms. It is true that "where there has been a confession by the accused, much slighter proof is required to establish the corpus delicti than would be necessary where the State must make out the entire case, unaided by a confession." The confession, however, must be corroborated by such proof as will satisfy "the mind that it is a real and not an imaginary crime which the accused has confessed." Heard v. State, 59 Miss. 545. This holding has been adhered to and followed in numerous decisions by this Court.

The evidence here aliunde the confession does not meet this rule. The only corroborating evidence is that the handcuffs were removed from Williams' arms, with nothing whatever that could be considered by the jury to indicate that he did not remove them himself or that it would have been impossible for him to have done so.

The appellant's request at the close of the evidence, which was in substance for a directed verdict in his favor, should have been granted. The judgment of the court below will be reversed, and the appellant will be discharged.

So ordered.