HORTON v. STATE.

(In Banc.   May 22, 1944.)

[18 So. (2d) 155.   No. 35511.]

Neal Prisock and Z. A. Brantley, both of Louisville, for appellant.

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellee.

510

**Roberds, J.**, delivered the opinion of the court.

Horton was indicted for murder and convicted of manslaughter. He appeals.

One main defense was that he was not mentally capable of committing the crime. That was a real and a vital issue before the jury. Dr. Hickman, Superintendent of the East Mississippi State Hospital, interviewed and examined Horton, and testified that he had the mentality of the average person of seven or eight years of age, and, in his opinion, did not know right from wrong.

Horton's family physician and one other doctor testified that Horton had the mentality of one eleven or twelve years of age.

There was other evidence for the defendant, as well as the state, bearing upon that question.

Under these circumstances the state, over the objection of the defendant, introduced in evidence the following letter from Dr. Speck, Superintendent of Mississippi State Hospital, to which institution Horton, at the suggestion of his attorneys, had been sent by the supervisors of Winston County.

> "Mississippi State Hospital.
> "Clyde M. Speck, M. D., F. A. C. S.
> "Superintendent
> "Whitfield, Mississippi.
>
> "Sept. 1, 1941.
>
> "Hon. W. B. Holman,
> "Sheriff,
> "Louisville, Mississippi,
> "Dear Sir:
>
> "Re: Ernest Horton
>
> "This is to inform you that Ernest Horton has been diagnosed by our Medical Staff as without psychosis, not insane. Therefore, under section 4596 of the Code

of 1930, I am asking that you come for him as soon as possible and return him to his home county.

"Yours very truly,

"C. M. Speck, M. D.

"Superintendent."

This letter was not competent. Dr. Speck did not testify. The defendant was not confronted by the witness. He had no opportunity to cross-examine him, nor to develop the reasons for, or grounds which formed the basis of, the conclusions set out in the letter, nor to ascertain the ability and learning of the witness upon the subject of insanity. The letter was purely an ex parte statement of fact, not under oath.

Nor can it be said that it did not influence the jury. We cannot know what influence it did have, but it is reasonable to assume that it had great weight. Here was the Superintendent of the state's main institution for the mentally sick, occupying the highest official position in the state in that respect, telling the jury that his medical staff had diagnosed Horton "as without psychosis, not insane," and requesting the sheriff to come for him. It is but natural and reasonable that this letter had much influence with the jury. Its admission was reversible error.

Appellant contends that the state did not prove the corpus delicti aliunde the purported confession of the defendant under the rules heretofore announced by this court. A majority of the court is of the opinion that this contention is not well founded.

If there are other errors in the record, they will likely not recur on another trial.

Reversed and remanded.

DISSENTING OPINION.

**Anderson, J.**, delivered a dissenting opinion.

I agree with the controlling opinion that the admission of Dr. Speck's letter was reversible error, but I go further;

in my opinion the evidence fell far short of showing that the deceased met his death through any criminal agency. It is true that the corpus delicti is not required to be proven beyond every reasonable doubt before the confession is admissible; but it must be shown by the preponderance of the evidence, before it can be supplemented by the confession. Brooks v. State, 178 Miss. 375, 173 So. 409; Anderson v. State, 184 Miss. 892, 186 So. 836.

What is the evidence here, outside of the confession? The deceased and his companions were on a drunken carouse on Monday night. He left them while drunk, and they went on in their car. On the following Wednesday afternoon the deceased was found dead in a shallow stream. He was not entirely covered by water—a part of his face and a part of his shoulder were above the water. The only bruise he had was a slight one on his cheek. There was no evidence whatever that he had received a wound which could have caused his death. None of the surroundings indicated that his death was caused by any criminal agency. The much more reasonable theory is that he was in such a drunken state that he stumbled and fell in the branch and drowned—that he was so drunk he was unable to struggle out. It is hard for me to conceive of such a complete failure to prove the corpus delicti, independent of the confession.

In my opinion, the court should have directed a verdict of not guilty.

DISSENTING OPINION.

**Smith, C. J.,** delivered a dissenting opinion.

The judgment of the court below should be affirmed. The error in admitting Dr. Speck's letter in evidence was rendered harmless by the introduction in evidence by the appellant of a letter from Dr. Meriwether to one of the appellant's attorneys. Dr. Speck's letter stated that the appellant had been diagnosed by the medical staff of the

Mississippi State Hospital as being "without phychosis, not insane."

Dr. Meriwether was a member of that medical staff, and his letter was to the same effect as Dr. Speck's as to the result of the examination of the appellant by that medical staff.