HAYS *v.* STATE.

Apr. 21, 1952.

No. 38407 (58 So. (2d) 61)

James W. Lee, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Roberds, P. J.**

Appellant was convicted of grand larceny in the stealing of one yearling of the value of one hundred dollars and sentenced to the state penitentiary for three years.

On this appeal he says the evidence did not establish a crime aliunde confessions. The rule in this state

is that the proof, without the confession, need show only the probability that a crime has been committed. Yates v. State, 172 Miss. 581, 161 So. 147; Anderson v. State, 184 Miss. 892, 186 So. 836; Greenlee v. State, 188 Miss. 387, 195 So. 312; Gross v. State, 191 Miss. 383, 2 So. (2d) 818; Ruffin v. State, 205 Miss. 642, 39 So. (2d) 269; Simmons v. State, 208 Miss. 523, 44 So. (2d) 857.

██ ██ The proof in this case, aside from the confessions, that a crime had been committed is that the animal belonged to Mr. J. R. Shackleford; that it was in his pasture with his other cattle on the night before January 1, 1950; that on that morning the yearling was gone; that the fence behind his barn had been trodden down; that he immediately made search and inquiry through the neighborhood without being able to locate or learn anything of the whereabouts of the yearling; that he never came back to the pasture or premises of the owner; that sometime thereafter appellant made a remark to Mr. Shackleford which indicated to him appellant knew why the animal had disappeared. It is reasonable that had the animal not been taken away he would have remained near the pasture and home where he had been fed and cared for; that he would not have gotten so far away that he could not be found. Some one would have seen him or he would have been at some other nearby pasture containing other cattle. We think the foregoing established facts show to a probability a crime had been committed. Yates v. State, and Gross v. State, supra.

Appellant says the proof fails to show that his confessions were freely made. He was arrested and the next day he sent for the marshal of the Town of Union, Mississippi. ██ ██ He made a confession to the marshal and three other disinterested persons. They all said the confession was entirely free and voluntary. The marshal wrote it down, read it to him and he signed it. In this he explained how the animal was taken, the method of transportation, etc. He said he got it beside the barn, apparently where Mr. Shackleford said the pasture fence had

been trodden down. He said he signed the confession because he was afraid Mr. Turner would injure him. There is no proof of that whatever other than his statement. If it be said the Town Marshal had an interest in convicting accused, the other three witnesses were entirely disinterested.

In addition to this it is shown that when the accused was arraigned on the preliminary hearing he plead guilty. There is no proof this plea was brought about by threats, promise, fear, or hope of reward.

And, in addition to this, defendant admitted as a witness on the stand that he had told his friend Mr. Marvin Cox that he and others stole the animal, and this was a free and voluntary statement. He did not claim this confession was the result of any offer or inducement of any kind. Mr. Cox also testified to that effect.

The proof, without the confessions, having shown to a probability a crime had been committed, and that proof, with the confessions, being amply sufficient to justify the jury in believing beyond a reasonable doubt that the accused committed the crime, the further contention of appellant that he was entitled to a directed verdict is without merit.

Affirmed.

**Alexander, Hall, Holmes** and **Arrington, JJ.**, concur.