NEWBILL *v.* STATE.

March 15, 1954

No. 38961 57 Adv. S. 28 70 So. 2d 924

*W. S. Murphy,* Lucedale, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

386

ARRINGTON, J.

The appellant was tried and convicted in the Circuit Court of George County on an indictment charging him with the unlawful possession of a distillery, commonly called a still. He was sentenced to a term of one year in the State penitentiary, and prosecutes this appeal from the judgment of conviction.

The State rested its case upon the testimony of Shelby L. Smith, Sheriff of George County, and R. R. Cochran, his deputy, and at the close of this testimony appellant's motion for a directed verdict was overruled. The appellant offered no evidence in his own behalf. The State's proof showed substantially the following:

On the afternoon of July 6, 1952, the sheriff and his deputy located a still situated on the land of one Whitney Demonman in George County, Mississippi. They also found at the still several barrels of mash ready to run. The officers returned to town and at about 9:30 o'clock that night went back to a place near the still, secreting themselves at a distance of approximately 200 yards from the still. There they remained watching until about 5:30 o'clock the next morning when they heard a car approaching over a wooden bridge near the still, and a few minutes thereafter the burners of the still were heard to roar. They also heard sounds indicating the presence of one or more persons at and about the still. The officers then moved closer to the still and within about five feet of appellant, who, according to the testimony of the sheriff, was seen sitting on a block regulating the heat control valve on the still. A Negro was also present at the still near a hand pump. The

officers then came out into the open and upon the appearance of the sheriff, the appellant turned off the heat control valve. Appellant stated to the sheriff, according to the sheriff's testimony, "you got me fair. You are a better man than I heard you were. I heard you would come down with your gun and a cussing and a shooting." The appellant further stated, according to the testimony of the sheriff: "The still is mine." The sheriff placed the appellant and the Negro under arrest and also seized a gallon of whiskey which had been run from the still. The deputy sheriff corroborated the testimony of the sheriff with the exception that the deputy sheriff testified that he did not see appellant's hand on the control valve and did not hear the conversation which appellant had with the sheriff.

It is contended by the appellant that the judgment of conviction should be reversed for the reason first, that the trial court erred in overruling appellant's motion for a continuance, and, second, that the trial court erred in admitting in evidence the gallon of whiskey which was seized by the sheriff at the still, and, third, that the trial court erred in overruling appellant's motion for a directed verdict upon the ground that the proof is insufficient to sustain the conviction and upon the ground particularly that the proof aliunde the appellant's admission or confession is insufficient to establish the corpus delicti.

Appellant's application for a continuance was based upon the absence of a material witness. Neither the witness nor his ex parte affidavit was produced on the hearing of the motion for a new trial according to the rule announced in Lamar v. State, 63 Miss. 265. Furthermore, it affirmatively appeared from the averments of the motion for a new trial that the witness was a fugitive from arrest, which averments tended to refute reasonable assurance that his presence might be procured at another term of the court. As was said by this Court in the case of Parker v. State, 201 Miss.

579, 29 So. 2d 910, the trial judge has a broad discretion in granting and refusing continuances, and his action in refusing a continuance will not be disturbed by this Court unless it clearly appears that he has abused his discretion. We are of the opinion that the record in this case discloses no abuse of discretion by the trial judge in denying the appellant's application for a continuance.

 It is also argued by the appellant that the trial court erred in admitting in evidence the gallon of whiskey which was seized by the sheriff at the still. According to the testimony of the sheriff, this whiskey was run from the still and we think that it was admissible in evidence and competent to show the unlawful use of the still by the appellant, and that it had a direct bearing upon the question of the appellant's possession of the still for an unlawful purpose. Crafton v. State, 200 Miss. 10, 26 So. 2d 347.

It is also urged by the appellant that the trial court erred in overruling appellant's motion for a directed verdict made at the close of the State's proof. Appellant contends in this connection that the proof as a whole is insufficient to establish the guilt of the appellant beyond a reasonable doubt and particularly that the State's proof aliunde the confession is insufficient to prove the corpus delicti. We are unable to agree with this contention. It is not required that the corpus delicti be established beyond a reasonable doubt but only to a probability, and where there has been a confession by the accused, much slighter evidence is required to establish the corpus delicti than would be necessary where the State makes out its entire case unaided by such confession. Nichols v. State, 165 Miss. 114, 145 So. 903; Hayes v. State, 214 Miss. 83, 58 So. 2d 61; Garner v. State, 132 Miss. 815, 96 So. 743; Whitaker v. State, 169 Miss. 517, 142 So. 474; Anderson v. State, 184 Miss. 892, 186 So. 836; Buford v. State, 69 So. 2d 826.

We have no hesitancy in holding in this case that the proof aliunde the confession is ample to establish the corpus delicti. The jury were amply warranted in believing, as they no doubt did believe, that appellant was found at the still with his hand on and operating the heat control valve, and was therefore actually participating in the possession and operating of the still, and that the still was then being used and operated for the unlawful purpose of manufacturing liquor. This evidence clearly established the corpus delicti and was amply sufficient in our opinion to warrant the jury in finding the defendant guilty independently of the defendant's admission or confession that the still was his. The evidence as a whole was, in our opinion, amply sufficient to establish the guilt of the defendant beyond all reasonable doubt.

After a careful review of the record in this case, we are of the opinion that it is free from reversible error and that the evidence amply sustains the judgment of conviction. The judgment of the court below is therefore affirmed.

Affirmed.

All justices concur except *Gillespie, J.,* who took no part.