JACKSON *v.* STATE

No. 40229 September 24, 1956 89 So. 2d 626

*Herman C. Glazier, Jr., J. R. Christenberry,* Rolling Fork, for appellant.

606

*John H. Price, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was charged by indictment in the Circuit Court of Sharkey County with the murder of his wife. He was tried and convicted and sentenced to suffer the penalty of death.

The homicide occurred at the home of appellant and his wife on Cameta Plantation in Sharkey County on the night of October 23, 1955. The State's proof showed that the appellant without cause or justification cruelly and brutally beat his wife with an ax handle and slab of board and choked her to such an extent as to cause her death by strangulation. A reputable physician, called as a witness for the State, testified that he examined the body of the deceased several hours after her death. He found numerous bruises upon her body and that her eyes were

actually bulging from the sockets. He further testified that bruises upon her neck indicated that she had been choked, and death, in his opinion, resulted from strangulation. An eye witness to the assault upon the deceased testified that she saw the appellant beating the deceased with an ax handle and slab of board while the deceased was asking the appellant not to kill her. Still another witness for the State who lived in the vicinity testified that she heard the licks administered by the appellant and heard the deceased begging the appellant not to kill her. The ax handle and slab of board, according to the testimony for the State, were found in the room where the assault was committed and had blood on them and blood was on the floor and on the bed linens. The State's proof further showed that after the arrest of the appellant, he admitted to the sheriff that he had whipped and choked the deceased.

The appellant offered no plea or defense of justification. His sole defense was that he had been drinking intoxicating liquor during the afternoon and evening, and that he had gone to Hollandale where he indulged in drinking at a juke joint called the Harlem Club, and that he was so drunk that he had no recollection of his return to his home or of any attack upon his wife. He testified that he was awakened by his wife about three o'clock in the morning, who complained of having the cramps and asked him to take her to a doctor, and that he arranged with Mr. Thompson, the manager of the store on Cameta Plantation, to take her to the doctor. The State's proof, however, showed that the driver of the car in which the appellant returned from Hollandale put him out a short distance from his home, and that appellant was able without assistance to find his way to his home, and further showed that before Mr. Thompson's arrival the appellant changed his shirt and spread up the bed so that the blood on the sleeve of his shirt and on the bed linens would not be observed by Mr. Thompson.

■■■ The appellant first contends on this appeal that the trial court erred in not sustaining his motion for a directed verdict at the close of the State's proof and in denying his request for a peremptory instruction at the close of all of the testimony. In support of this contention, the appellant argues that the proof is insufficient to show that the blows by the appellant with the ax handle or slab of board were of such seriousness as to cause death, and he predicates this argument upon the testimony of Dr. McGee, who examined the deceased several hours after her death. The testimony of Dr. McGee, however, does not support him in this contention. While it is true that Dr. McGee testified that he was unable to say that the blows caused the death of the deceased, he further testified that marks on and the swollen condition of the neck of the deceased indicated severe pressure thereon with hands and that it was his opinion that death resulted from strangulation. There is no contradiction of the doctor's testimony. The proof, in our opinion, was therefore ample to warrant the trial court in submitting the case to the jury on the question of appellant's guilt or innocence.

■■■ The appellant next contends that there was a fatal variance between the indictment and the proof in that the indictment charged that the appellant wilfully, feloniously, and of malice aforethought, killed the deceased, whereas the uncontradicted proof showed that the appellant was so intoxicated that he was incapable of forming a criminal intent or a deliberate design to effect the death of the deceased. The evidence on the question of the extent of appellant's intoxication was in conflict. The appellant testified that he was so intoxicated that he had no recollection of the events which transpired on the occasion of his alleged attack upon the deceased. On the other hand, the State's proof showed that upon appellant's return from Hollandale on the night in question, he got out of the car a short distance

from his home and made his way to his home without assistance, that after arranging with Mr. Thompson to take his wife to the doctor, he undertook to conceal from Mr. Thompson the blood on his shirt and on the bed linens, thus covering up the evidence of his crime, and that he told the sheriff he had whipped his wife and choked her. This evidence, if believed by the jury, as it apparently was, was ample to warrant the jury in finding that he was in possession of his faculties at the time he attacked the deceased and was capable of forming a criminal intent and deliberate design to effect the death of the deceased. The question of the appellant's capacity was submitted to the jury under the instructions of the court. We need not consider whether the appellant's claimed incapacity resulting from voluntary intoxication would constitute a defense to the charge of murder, since the appellant was given the benefit of the assumption that such incapacity, if it existed, would constitute such defense. It is a sufficient answer, therefore, to the appellant's contention that this test was submitted to the jury. Thurmond v. State, 212 Miss. 36, 53 So. 2d 44. The jury determined this issue against the appellant and was amply warranted by the evidence in doing so. We think, therefore, that the appellant's contention that there was a fatal variance between the indictment and the proof is not well founded.

 Finally it is contended by the appellant that the State failed to prove the corpus delicti, and that the purported confessions and admissions of the appellant were improperly admitted in evidence. The rules with respect to the requirements for proof of the corpus delicti are well established under the prior decisions of this Court and are fully set forth in the case of Buford v. State, 219 Miss. 683, 69 So. 2d 826, as follows:

"We recognize the well settled rule that a confession of the accused is not alone sufficient to prove the corpus delicti. There are other rules, however, which are equally

well settled with respect to the requirements for proof of the corpus delicti. Where there has been a confession by the accused, much slighter evidence is required to establish the corpus delicti than would be necessary where the state must make out its entire case unaided by such confession. Garner v. State, 132 Miss. 815, 96 So. 743; Whittaker v. State, 169 Miss. 517, 142 So. 474; Anderson v. State, 184 Miss. 892, 186 So. 836. The corpus delicti need not be established beyond a reasonable doubt but to a probability, and proof coupled with a confession may be considered as establishing the corpus delicti beyond a reasonable doubt. Nichols v. State, 165 Miss. 114, 145 So. 903; Hayes v. State, 214 Miss. 83, 58 So. 2d 61. Where there has been a confession by the accused, any corroborative evidence will be held sufficient which satisfied the mind that there is a real and not an imaginary crime to which the accused has confessed. Garner v. State, supra. In a homicide case, the corpus delicti consists of the fact of death and the fact of the existence of criminal agency as the cause of death, and both such elements may be proved by circumstances. Watts v. State, 210 Miss. 236, 49 So. 2d 240. Although the corpus delicti cannot be proved alone by the accused's confession, his criminal agency may be shown by his own confession. Roberts v. State, 153 Miss. 622, 121 So. 279.''

The fact of the death of the deceased is established by undisputed evidence. It is argued by the appellant, however, that there was no proof of the criminal agency causing death prior to the introduction of the admissions and confessions of the accused. The record fails to sustain the appellant in this contention. Before any proof of admissions or confessions by the accused was offered by the State, it was shown by the testimony for the State that upon the appellant's return to his home from Hollandale he ''jumped on'' the deceased and beat her with an ax handle and slab of board to such an extent that she was bruised on numerous parts of her body and was caused

to bleed from her mouth and nose; that her neck was swollen and showed marks of violence indicating pressure thereon; that blood was on the floor of the room and on the bed linens; that during the attack upon the deceased she was begging the appellant not to kill her; that shortly thereafter when Mr. Thompson arrived at the home to take the deceased to a doctor, she was so incapacitated that she had to be dragged to the car and lifted in it; that her eyes were "walled back" and that her hands were cold, and that Mr. Thompson thought she was dead, and that it developed that she was dead upon arrival at the hospital. In the light of this evidence, we have no difficulty in concluding that the proof independently of the admissions and confessions was sufficient to warrant the jury in finding that the wounds inflicted by the appellant upon the deceased caused her death. Under the established requirements for proof of the corpus delicti and in view of the evidence, we find no merit in appellant's contention that the State failed to prove the corpus delicti in that it failed to establish the criminal agency prior to offering in evidence the admissions and confessions of the accused.

After a careful review of the record, we are of the opinion that it discloses no reversible error, and the judgment of conviction is therefore affirmed and Wednesday, November 7, 1956, is fixed as the date for the execution of the sentence imposed.

Affirmed and Wednesday, November 7, 1956, fixed as the date of appellant's execution.

All justices concur.

ON MOTION TO SET NEW DATE FOR EXECUTION

October 15, 1956 89 So. 2d 919

HALL, J.

On September 24, 1956, we affirmed this case and set the date for appellant's execution to be held in the State

gas chamber on Wednesday, November 7, 1956. On the same day we also affirmed the death sentence of Mack Drake in Case No. 40,287 and fixed the date of his execution to be held on November 7, 1956.

The Attorney General has filed a motion to set a new date for execution for Henry Jackson for the reason that the Superintendent of the Mississippi State Penitentiary, under whose supervision executions are held in the gas chamber, advises that it is dangerous for anyone to enter the gas chamber within twenty-four hours after an execution and that it would be exceedingly hazardous and dangerous to the person or persons who must enter the gas chamber after the first execution in order to prepare for the second execution since the necessary twenty-four hour interval would not elapse between the time for the first execution and the second execution.

When we fixed both executions for the same date we were under the impression that both prisoners would be executed together at the same time, but since it appears from the motion, which is uncontested, that this can not be done, the motion to fix a new date of execution for Henry Jackson is hereby sustained and Thursday, November 8, 1956, is hereby fixed as the date for the execution of the death penalty upon him.

Motion sustained and Thursday, November 8, 1956, fixed as date of execution.

All justices concur.