506 So.2d 282 (1987)
Daniel COULTER
v.
STATE of Mississippi.
No. 56575.
Supreme Court of Mississippi.
April 22, 1987.
*283 Gregory L. Harper, Jackson, David B. Clark, Florence, Cullen C. Taylor, Brandon, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Daniel Coulter was convicted in the Circuit Court of Rankin County on a charge of forcible rape and was sentenced to a term of fifteen (15) years in the custody of the Mississippi Department of Corrections after the jury was unable to agree upon a life sentence. Coulter has appealed to this Court and assigns four (4) errors in the trial below.

I.  III.
THE LOWER COURT ERRED IN FAILING TO SUSTAIN THE APPELLANT'S MOTION FOR A DIRECTED VERDICT OF ACQUITTAL AND IN FAILING TO GRANT THE APPELLANT'S REQUEST FOR PEREMPTORY INSTRUCTION OF NOT GUILTY.
THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL.
THE VERDICT OF THE JURY IN THIS CASE WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Evidence favorable to the State reflects that on June 12, 1983, appellant went to the home of a 54-year-old female in Richland, Rankin County, Mississippi, where he broke in through a back bathroom window. Appellant entered the victim's room between 2 and 3 a.m., where she was asleep, but awakened upon his entry. According to the victim, the burglar demanded money from her, then jumped into the bed, laid a knife across her head and said, "Lady, do you want to die?" She testified that she was afraid for her life, and that of her mother, who lived in the house with her, and submitted to the rape; that the attacker dug his fingers into her buttocks, causing bleeding on the sheets; that the attacker did penetrate her, but "he did not get any satisfaction." The rapist tied her hands and left. The victim heard the backdoor make a noise as it opened. She finally was able to untie her hands and noticed *284 that the bathroom window had been pried open and was propped up with a tomato stick from her garden. She called to her neighbor, who notified the Richland police, and Officer Bradshaw investigated. He detected what appeared to be blood on the sheets and on some underwear in the victim's bedroom, and he saw fresh pry marks on the window and that it had been propped open with a stick.
About 2:30 a.m. on August 30, 1983, appellant was stopped for speeding on McDowell Road in Jackson, Mississippi, by Sgt. Sam Landrum, a Jackson policeman. Appellant fit the description of the suspect in a burglary and attempted rape that had occurred in Jackson about an hour and a half earlier. He was arrested for burglary and attempted rape, was given his Miranda warnings, and was taken to jail by Jackson Police Officer Dewayne Bradford.
About 9:30 a.m. on the same morning, appellant was interrogated by Jackson police officers J.M. Monroe and T.E. Wilson concerning the burglary and attempted rape. Appellant was given his Miranda rights prior to that interview. The officers asked appellant if there were any related incidents in and around the Jackson area, involving him. Appellant told them that he had raped a woman in Richland three or four months earlier. The Jackson officers contacted the Richland officers and were referred to the Rankin County Sheriff's Office. Deputy Ken Dickerson went to Jackson, and, after giving appellant the Miranda warnings before beginning the interview, interrogated appellant about the rape in Richland. According to Dickerson, he wrote down what appellant said, appellant read the statement, correcting an error as to the color of the car, and signed it. The statement was entered into evidence.
The appellant contends that the lower court erred (1) in failing to sustain his motion for a directed verdict of acquittal and in failing to grant his request for a peremptory instruction of not guilty; (2) in overruling his motion for judgment notwithstanding the verdict, or, in the alternative, a motion for new trial, and (3) that the verdict of the jury was against the overwhelming weight of the evidence. The assignments will be discussed as one.
The standard of review for denial of a request for peremptory instruction is the same as for denial of a motion for directed verdict. The trial court must consider all the evidence in the light most favorable to the State. If the facts and reasonable inferences will support a verdict of guilty, then the directed verdict and peremptory instruction must be denied. Weeks v. State, 493 So.2d 1280, 1282 (Miss. 1986); Winston v. State, 479 So.2d 1093, 1095 (Miss. 1985); May v. State, 460 So.2d 778, 780 (Miss. 1984).
This Court will not order a new trial or acquittal on a motion for judgment notwithstanding the verdict unless it is convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would result in injustice. May v. State, supra; Mullins v. State, 493 So.2d 971, 976-977 (Miss. 1986).
Appellant asserts that the State has not established the corpus delicti aliunde the confession, since the victim was unable to identify her attacker. The rule on corpus delicti by use of a confession follows:
Where there has been a confession by the accused, much slighter evidence is required to establish the corpus delicti than would be necessary where the state must make out its entire case unaided by such confession. [Citations omitted]. The corpus delicti need not be established beyond a reasonable doubt but to a probability, and proof coupled with a confession may be considered as establishing the corpus delicti beyond a reasonable doubt. [Citations omitted]. Where there has been a confession by the accused, any corroborative evidence will be held sufficient which satisfies the mind that there is a real and not an imaginary crime to which the accused had confessed. .. . In a homicide case, the corpus delicti consists of the fact of death and the fact of the cause of death, and both such elements may be proved by circumstances... . Although the corpus delicti cannot be proved alone by the accused's confession, his criminal agency may be *285 shown by his own confession. Roberts v. State, 153 Miss. 622, 121 So. 279. (Id. at 690, 69 So.2d at 830).
Miskelley v. State, 480 So.2d 1104, 1108 (Miss. 1985), quoting Jackson v. State, 337 So.2d 1242, 1248 (Miss. 1976), quoting Buford v. State, 219 Miss. 683, 690, 69 So.2d 826, 830 (1954).
Appellant volunteered information about the rape in Richland, Mississippi. He stated that he parked his automobile near a dumpster and walked from there to the victim's home, where he pried open the bathroom window with a screwdriver and crawled through it; that he went into a bedroom where a middle-aged woman was in bed and raped her. The physical facts, including the location of the dumpster, corroborate the confession given by appellant. Separate confessions were given to the Jackson police officers and to Deputy Dickerson.
Dr. Faucett, a medical doctor, who attended the victim, testified that the victim stated she had been forcibly raped, tied to the bed and had been struck one time in the mouth. He detected swelling of the victim's lower lip, found no sperm, and was unable to say that penetration had occurred. He testified, however, that his findings would be consistent with the proposition that a male had raped a female, but had not ejaculated.
We are of the opinion that the verdict of the jury was supported by the evidence and that the lower court was eminently correct in denying the motion for directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict. Further, that the verdict of the jury was not against the overwhelming weight of the evidence.

IV.
THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS HIS ALLEGED CONFESSIONS, BOTH ORAL AND WRITTEN. SAID STATEMENTS WERE MADE AT A TIME WHEN APPELLANT WAS EXPERIENCING WITHDRAWAL FROM DRUGS AND/OR ALCOHOL SO AS TO CONSTITUTE INVOLUNTARY STATEMENTS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. THE COURT ERRED FURTHER WHEN IT ALLOWED THE WRITTEN STATEMENT TO BE ADMITTED AS AN EXHIBIT AND TAKEN INTO THE JURY ROOM BY THE JURY DURING DELIBERATIONS.

A. Did the lower court err in admitting the appellant's confession into evidence?

Under this point, appellant contends that he is a drug addict and alcoholic, and that being advised of his Miranda rights and making the confessions were not voluntary on his part; that he was sick and nauseated, and was experiencing withdrawal symptoms. The lower court held a suppression hearing and all the officers involved in obtaining the confessions, testified that the appellant understood the waiver of his Miranda rights and that the waiver was intelligent, knowing and voluntary. Also, they testified that the ensuing confessions were free and voluntary on the part of appellant and that he understood and knew what he was doing in giving the confessions.
We note that appellant was originally arrested by the Jackson police officers for speeding, not for DUI, and that appellant initiated the statement about his raping a middle-aged woman in Richland two or three months before. The officers had no knowledge of that crime until related to them by the appellant. A police officer, who took appellant to the precinct station, testified that appellant was not intoxicated and that he was in control of himself; the jailer testified that he never noticed appellant experiencing severe withdrawal symptoms. Lt. Nancy Jordan, an RN with the Jackson Police Department, is assigned to the jail as a nurse. She saw appellant at 9 a.m. on August 1, 1983. He was having *286 stomach cramps and chills as a result of withdrawal pains, but she did not recall him asking to see a doctor, and, if he had done so, she would have sent him to one. She observed that appellant appeared to know what was going on and to understand questions and make appropriate responses. She accepted what he told her and did not recall that he looked unusually nervous or agitated.
The lower court held that there was a voluntary and knowing waiver of Miranda rights and that the confessions were free and voluntary. We are of the opinion that the trial judge did not abuse his discretion in so holding and in admitting the confessions. Johnson v. State, 475 So.2d 1136, 1145 (Miss. 1985); Gavin v. State, 473 So.2d 952, 954-55 (Miss. 1985); Wiley v. State, 465 So.2d 318, 320 (Miss. 1985); Hemmingway v. State, 483 So.2d 1335, 1336 (Miss. 1986); Kemp v. State, 352 So.2d 446, 448 (Miss. 1977).

B. Did the lower court err in allowing the confession to be taken into the jury room?

Attorneys for appellant objected to the confession being submitted to the jury and carried into the jury room with them, although no ground was stated for the objection. Mississippi Code Annotated § 99-17-37 (1972) provides: "All papers read in evidence on the trial of any cause may be carried from the bar by the jury." Uniform Criminal Rules of Circuit Court Practice 5.13, in part, provides:
The Court shall permit the jury, upon retiring for deliberation, to take to the jury room a copy of the instructions and exhibits and writings which have been received in evidence, except depositions. (Emphasis added)
We are of the opinion that there is no merit in this sub-assignment.
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.