518 So.2d 653 (1988)
Donnie SINGLETON
v.
STATE of Mississippi.
No. 57431.
Supreme Court of Mississippi.
January 6, 1988.
Charles I. Knauss, Jr., Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:

I.
This appeal comes to this Court from the Hinds County Circuit Court, wherein Donnie Singleton was convicted of rape and sentenced to serve thirty-five (35) years in the Mississippi Department of Corrections. As error, Singleton assigns the following:

*654 1. The trial court erred in allowing the state's witness, Frances Jackson Lee, to testify regarding an unrelated crime allegedly committed by the appellant.
2. The trial court erred in allowing hearsay testimony from Carolyn Foster McCoy, regarding prior rapes of other women by the appellant.
3. The trial court erred in failing to sustain appellant's motions for a directed verdict, due to the verdict being against the overwhelming weight of the evidence.
Finding no merit to these contentions, we affirm.

II.
The prosecutrix and her daughter were together asleep in bed in their home in Edwards, Mississippi on the night of February 28, 1985. The prosecutrix was suddenly awakened around 10:30 p.m. when a light was turned on in the room at which point she saw Singleton, a man she had known previously as an acquaintance of the family. Her screams awakened her daughter.
When the child attempted to run and seek assistance, Singleton grabbed her and placed her in a hall bathroom. Although the door locked from the inside, appellant kept both mother and daughter from attempting escape by alternately threatening to kill or harm the other.
Singleton raped the prosecutrix throughout the night in various locations in her home (including all three of the bedrooms). He continually threatened to kill her if she would not perform sexual acts with him.
Sometime in the early hours of the morning, Singleton forced the prosecutrix to put on a dress, and then at knifepoint to drive him to his house. However, when they reached where he lived he told her to continue driving. They drove "down to the river" where Singleton raped her several more times. She attempted escape continually, only to have him catch her and threaten her again with a knife picked up from the prosecutrix's kitchen.
With daylight approaching on March 1, 1985, Singleton ordered her to drive off, and near a college campus told her to stop the car and let him out.
She drove immediately home to check on her daughter, who was no longer there. She ran next door to her neighbors, who informed her that her mother had sent someone for the child. They then contacted the police.
The victim was taken to the hospital where she was examined by Dr. Elwood Williams, who testified that the results of a vaginal exam indicated sperm in the vaginal fluid. He further stated that the marks on her neck were consistent with choking, there was a scratch down her back, and the evidence indicated forcible entry of her vagina.
T.L. Lewis, Jr. of the Edwards, Mississippi police department arrived at the victim's home around 6:45 a.m. He interviewed the victim and found her to be in a very emotional state. She named Donnie Singleton as the rapist in her case. Lewis then investigated the scene and found that entry into the home had been made through a kitchen window, where a screen had been removed. Muddy footprints were found all along the window sill, and footprints led up to the window below.
Other officers at the house were Willie Rozell, the Edwards Chief of Police, Louis Johnson, and Bobby Williams of the Hinds County Sheriff's Department. The testimony of Johnson corroborated that of Lewis, and photographs were introduced showing how a man of a certain height and weight could enter McCoy's home through the kitchen window. Singleton's height (6' 1") and weight (approximately 200 pounds) were consistent with this testimony.
At trial Singleton testified that he had been in Jackson, Mississippi, and not Edwards, on the night in question. He produced two alibi witnesses  his girlfriend, Sandra Bridges and her sister, Barbara Ann Washington. These witnesses told highly conflicting accounts of the night of February 28, 1985 and morning of March 1, 1985. Conflicts in testimony included who was there when he arrived at their house, *655 what they had to drink, who went to bed and at which times, etc. The combined opinion, however, was that Singleton had arrived at their door at 7 p.m. on February 28, 1985, and had left the following day around 6 a.m.
Testimony offered by the state in rebuttal established that Singleton had been in Edwards on the night in question. Ned Savannah testified that Singleton had been in his cafe between 7 and 8 o'clock on February 28, 1985, and Mrs. Frances Jackson Lee, a neighbor of the victim, stated that he had come to her door around 10 o'clock that evening.
Both sides rested, and the defendant renewed his motion for a directed verdict made at the close of the state's proof, which the court overruled. Additionally, defendant asked for a mistrial, which the court denied.
The jury returned a verdict of guilty, and the court sentenced Singleton to serve thirty-five years in Parchman.
Singleton filed a motion for new trial, which the court denied. From all of this, Singleton appeals.

III.
Under appellant's first argument for reversal of his conviction he alleges it was error to allow the testimony of Frances Jackson Lee, neighbor to the prosecutrix, regarding appellant's visit to Lee's door on the same evening, and her discovery the following day of the attempted removal of a screen from a window in her home.
Appellant made no objection to this testimony at the trial below. This Court has held numerous times that contemporaneous objection is necessary to preserve the right to raise an error on appeal. Temple v. State, 498 So.2d 379 (Miss. 1986); Sand v. State, 467 So.2d 907 (Miss. 1985).
Next, Singleton argues that the prosecutrix was allowed to testify about other crimes committed by him. The scenario is this: while on direct examination, the prosecutrix related various incidents and happenings during the course of this long night, including a statement that on one occasion between the sexual events, Singleton talked to her. The prosecutor told her not to say what he said. Apparently appellant's counsel wanted to know, and asked, "What did he talk about when you said that he just laid there a long time talking?" Her reply was, "He told me about the other girls he had raped before and about  he told me about the ones he was gonna get, and I was trying to get him to stop because I thought he was gonna have to kill me because he was telling me all this."
The defendant moved for a mistrial which the court overruled.
A defendant cannot complain on appeal of alleged errors invited or induced by himself. Davis v. State, 472 So.2d 428 (Miss. 1985); Browning v. State, 450 So.2d 789 (Miss. 1984); Jones v. State, 381 So.2d 983, cert. den. 449 U.S. 1003, 101 S.Ct. 543, 66 L.Ed.2d 300 (Miss. 1980).
In Jones, we held that:
We think an appellant cannot assail as prejudicial his own trial tactics, because it would fasten a propensity in litigants to create error to enhance the possibility of reversal and repeated trials. This he is not permitted to do. Simpson v. State, 366 So.2d 1085 (Miss. 1979).
381 So.2d at 991.
There is no merit to this proposition.
In his last argument for reversal, Singleton contends the lower court erred in overruling his motion for directed verdict. The standard of review in this Court for defendant's renewed motion for directed verdict at the close of all evidence is as follows:
The standard of review for denial of a request for peremptory instruction is the same as for denial of a motion for directed verdict. The trial court must consider all the evidence in the light most favorable to the state. If the facts and reasonable inferences will support a verdict of guilty, then the directed verdict and peremptory instruction must be denied. Weeks v. State, 493 So.2d 1280, 1282 (Miss. 1986); Winston v. State, 479 So.2d *656 1093, 1095 (Miss. 1985); May v. State, 460 So.2d 778, 780 (Miss. 1984).
Coulter v. State, 506 So.2d 282 (Miss. 1987).
We find this to have been a case properly before the jury: the state had put on ample evidence that there was a conflict as to defendant's whereabouts at the time of the rape, an issue that was for the jury to resolve. The victim knew Singleton, and identified him as her rapist, giving a detailed description of the night in question. Her daughter's testimony substantiated her own.
There being no merit to this final assignment of error as well as to those preceding, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.