761 So.2d 892 (2000)
Tommy BUIE a/k/a Tommy E. Buie a/k/a Tommy Eugene Buie, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01051-COA.
Court of Appeals of Mississippi.
March 7, 2000.
Rehearing Denied June 27, 2000.
Randall Harris, Richard A. Rehfeldt, Jackson, Attorneys for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND MOORE, JJ.
MOORE, J., for the Court:
¶ 1. Appellant Tommy Buie was indicted by a Hinds County grand jury for possession of cocaine with the intent to distribute. Following a trial, the jury found Buie guilty as charged. The circuit court sentenced Buie to serve a term of twenty years imprisonment in the custody and control of the Mississippi Department of Corrections. Aggrieved, Buie cites one issue on appeal
THE GUILTY VERDICT BY THE JURY WAS CONTRARY TO THE FACTS AND LAW PRESENTED IN THIS CASE AS THE DEFENDANT WAS NEITHER IN PHYSICAL NOR CONSTRUCTIVE POSSESSION OF THE DRUGS SEIZED
Finding no merit, we affirm.

I. FACTS
¶ 2. On April 18, 1997, Avaline Baggett, a detective with the Jackson Police Department, executed a search warrant at Buie's residence located on 537 Burns Street in Jackson. Buie was not home at the time Detective Baggett executed the *893 warrant. Detective Baggett recovered more than 50 grams of cocaine, marijuana, $12,322 cash, two sets of scales, razor blades, two cell phones, a digital pager, two shotguns, and personal papers. Detective Baggett testified that she recovered the majority of this evidence from Buie's bedroom. She identified the room as Buie's because she recovered some personal correspondence addressed to Buie, and also a photograph which contained the inscription "to Catfish with love" from the room. "Catfish" is Buie's nickname.
¶ 3. Buie turned himself in to the police on the day following the search. Detective Baggett read Buie his Miranda rights. Buie admitted to Detective Baggett that the evidence seized from the bedroom was his. He further admitted that he was "trying to make it" which indicated to Detective Baggett that Buie was selling drugs. Buie refused to sign a waiver of rights form, and he refused to commit his confession to writing. At trial, Buie denied confessing to ownership and sale of the drugs.

II. LAW AND ANALYSIS
WAS THE GUILTY VERDICT BY THE JURY CONTRARY TO THE FACTS AND LAW PRESENTED IN THIS CASE AS THE DEFENDANT WAS NEITHER IN PHYSICAL NOR CONSTRUCTIVE POSSESSION OF THE DRUGS SEIZED?
¶ 4. Buie complains that the trial court erred in denying his motion for new trial. He argues that since no contraband was found on his person, the State was required to prove he constructively possessed the drugs. He claims that the State did not meet its burden of proving his constructive possession; thus, the verdict was contrary to the facts and law, another way of stating that the verdict was against the overwhelming weight of the evidence.
¶ 5. For Buie to be convicted of the crime charged in the indictment, the State had to prove that he wilfully, unlawfully, knowingly, and feloniously possessed cocaine with the intent to distribute it. Since Buie was not on the premises when the police executed the search warrant, he was not physically in possession of the cocaine and paraphernalia found at his house. For his conviction to stand:
[T]here must be sufficient facts to warrant a finding the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing dominion or control.
Curry v. State, 249 So.2d 414, 416 (Miss. 1971).
¶ 6. The owner of premises is presumed to be in constructive possession of contraband found upon the premises. Cunningham v. State, 583 So.2d 960, 962 (Miss.1991); Powell v. State, 355 So.2d 1378, 1379 (Miss.1978). This presumption is rebuttable. Powell, 355 So.2d at 1379. "[W]here contraband is found upon premises not in the exclusive control and possession of the accused, additional incriminating facts must connect the accused with the contraband." Id. Further, "[w]here the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband." Id.
¶ 7. Buie testified that three other people lived in the house with him; therefore, the house was not in his exclusive possession. The State was required to prove Buie's constructive possession of the contraband by presenting competent evidence to connect him to the contraband recovered from his house. Buie claims that the State failed in its burden to present competent evidence to connect him with the items recovered from his house; thus, the verdict was against the weight of the evidence. Specifically, Buie claims that no *894 fingerprints were taken from the items and no analysis was performed to detect drugs on the scales and razor blades recovered from his home. Buie further claims that the only evidence offered as additional incriminating evidence connecting him to the contraband is Detective Baggett's "bombshell hearsay" testimony regarding a purchase of a rock of cocaine from Buie.
¶ 8. Specifically, Detective Baggett testified that, before securing a warrant to search Buie's residence, she arranged for a drug buy at Buie's residence to make a confidential informant's claim that he had seen drugs at Buie's residence "more accurate." Buie finds it suspicious that Detective Baggett arranged the buy to make the search warrant more accurate, but did not report the buy to the judge who issued the warrant. Buie boldly claims that Detective Baggett "wholly contradicted herself which brings into serious question her truthfulness. This is not a general credibility issue left best to the jury to resolve rather it is proof of actual falsification of evidence." Buie further denies confessing to ownership of the contraband.
¶ 9. Detective Baggett explained that she did not wish to reveal the identity of her confidential informant, so she did not include information relating to the drug buy in her recitation of probable cause. She explained that such information was not necessary since Buie was not being charged with the sale of cocaine. As probable cause for the search of Buie's residence, Detective Baggett stated that a confidential informant had seen drugs at Buie's house. She did not think it relevant to tell the judge who issued the warrant that a buy had been made from Buie's house.
¶ 10. Detective Baggett's testimony that Buie confessed to ownership of the contraband recovered from his house is competent evidence supporting Buie's constructive possession of the contraband, notwithstanding the lack of fingerprint or other physical evidence, because it is an additional incriminating fact connecting Buie to the contraband. Buie's attack on Detective Baggett's veracity does not remove her testimony from the realm of competent evidence; instead, it conjures a credibility issue on the worth of her testimony. "[T]he jury has the prerogative to pass upon the weight and worth of all the testimony." Powell, 355 So.2d at 1379. In the case sub judice, the jury obviously resolved the credibility issue in Detective Baggett's favor.
¶ 11. Accepting as true all evidence favorable to the State, as we must when reviewing a denial of a motion for new trial, Detective Baggett's testimony was competent evidence supporting Buie's constructive possession of the contraband. The trial court did not err in denying Buie's motion for new trial; thus, we affirm.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY YEARS IMPRISONMENT TO BE SERVED IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.