BRANTLEY, J.,
for the court.
¶ 1. Joe Barker, Jr. was convicted in a Coahoma County Circuit Court of possession of precursor chemicals with the intent to manufacture methamphetamine. Aggrieved, Barker appeals, arguing that the evidence is insufficient and the verdict is against the overwhelming weight of the evidence. Finding his arguments without merit, we affirm his conviction.
FACTS
¶ 2. On October 11, 1999, Coahoma County Deputy Sheriff Vincent Ramirez stopped a vehicle driven by Tammy Deck-elman. Brenda Cook, a local, got out of the car and told Deputy Ramirez to check out the car because the subjects were there to steal ammonia. Deputy Ramirez *105 looked in the vehicle and saw some pickle jars. He asked Deckelman, an Arkansas native, to go with him and they checked on a number of ammonia tanks in the area, but did not find that any of them had been opened. Deputy Ramirez took Deckelman back to the car and she drove off.
¶ 3. Deputy Ramirez contacted Deputy Magsby to watch the car. Deputy Magsby saw the car turn into a field, stop for a minute, back up and drive off. At this time, Deputy Ramirez and Deputy Magsby stopped the car again. This time Joe Barker, Jr. was in the passenger’s seat. A search of the car revealed a bag of white powder on the seat, cut open batteries and a solution in a detergent bottle with lithium strips in the floor board on the passenger’s side of the vehicle. Coffee filters and starter heating fluid was also found in the car.
¶ 4. Barker was brought to trial for possession of precursor chemicals with the intent to manufacture methamphetamine. During the trial, both deputies testified as to the events of that night. Additionally, the car was found to have belonged to Barker. Investigator Bill Baker testified that the materials found along with ammonia could be used to manufacture methamphetamine.
¶ 5. Teresa Hickman, a forensic expert form the Mississippi Crime Lab testified that the lithium strips from the batteries were in an alcohol base solvent in the detergent bottle. She stated that this was one step in the process of transforming ephedrine extracted from cold medication into methamphetamine. Additionally, the lithium strips, hexane and methanol samples found in the car were identified by Hickman as precursor chemicals used in manufacturing methamphetamine. The two white powder substances found in the car contained methanol and ephedrine, precursor chemicals used to manufacture methamphetamine.
¶ 6. Deckelman, who had pled guilty to possession of precursors, testified on behalf of the State. She stated that Barker had driven the car from Arkansas to Mississippi to obtain anhydrous ammonia. Deckelman testified that Barker got out of the car with another man, and she drove around until she was stopped by the deputy. After the deputy released her, she drove down the road and picked up Barker. At that time she was stopped again by the deputies. She stated that she did not place any of the items in the car, although, she did not see Barker put the items in the vehicle either. The defense did not put forth any evidence.
¶ 7. The jury found Barker guilty of possession of precursor chemicals with the intent to manufacture methamphetamine. On appeal, Barker argues that the evidence was insufficient to support the jury verdict. Additionally, he argues that the verdict was against the overwhelming weight of the evidence.
DISCUSSION OF ISSUES
I. WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT.
¶ 8. Barker argues that the court erred in denying his motion for a directed verdict. An appeal on the denial of a directed verdict tests the sufficiency of the evidence. To test the sufficiency «of the evidence,
we must, with respect to each element of the offense, consider all of the evidence — not just the evidence which supports the case for the prosecution — in the light most favorable to the verdict. The credible evidence which is consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may *106 reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Wetz v. State, 503 So.2d 803, 808 (Miss.1987) (citations omitted).
¶ 9. Barker argues that the evidence was insufficient under the law to prove he was in possession of the precursor chemicals. Under Mississippi law, the owner of property in which the contraband is found, is presumed to be in constructive possession of that contraband. Buie v. State, 761 So.2d 892, 893 (¶6) (Miss.Ct. App.2000). However, this presumption is rebuttable. Id. Further, the prosecution is not relieved of its burden to prove guilt beyond a reasonable doubt. Hamburg v. State, 248 So.2d 430, 432 (Miss.1971).
¶ 10. The theory of constructive possession has been explained in Curry v. State, 249 So.2d 414, 416 (Miss.1971) as follows:
[Tjhere must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject due to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
¶ 11. In the case sub judice, Barker was the owner of the car, although he was not in exclusive control of the vehicle as Deckelman was driving at the time of the first and second stop. Barker was in the passenger’s seat during the second stop. On the floor board below him the deputies found several cut open batteries from which the lithium strips had been removed. Additionally, a detergent bottle with the lithium strips in a solvent was found on the passenger side floor board. Wire cutters and a bag of pseudoephedrine were found on the seat beside Barker. Hickman from the crime lab testified that these chemicals were used in one phase of the manufacture of methamphetamine.
¶ 12. The expert testified that the only substance missing from the items found in the vehicle necessary to manufacture methamphetamine was ammonia. Barker’s car was stopped near a field, fifty yards from an ammonia tank. Barker’s shoes were muddy and the rows in the field leading to the tank were muddy. Deckelman stated that she did not put anything in the car when Barker was not in the car. Additionally, Deckelman testified that she had traveled with Barker from Arkansas to obtain ammonia to manufacture methamphetamine.
¶ 13. Barker failed to present any evidence to overcome the presumption of constructive possession, besides the fact that Deckelman was also present in the car. However, joint constructive possession is possible in a case such as this. See Powell v. State, 355 So.2d 1378,1379 (Miss. 1978). The evidence showed that the car belonged to Barker, that he had been driving it, and that the items were found in the immediate proximity of the defendant, and that these circumstances were sufficient to support the jury’s finding of guilt. Therefore, Barker’s first assignment of error is without merit.
II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 14. Barker also claims that the verdict was against the overwhelming *107 weight of the evidence. For allegations testing the weight of the evidence, the reviewing court gives the jury’s verdict the benefit of all favorable inferences, accepts as true all the evidence favorable to the verdict, and reverses only if the court is “convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice.” McClain v. State, 625 So.2d 774, 782 (Miss. 1993).
¶ 15. Again, Barker argues that he was not in exclusive control over the vehicle. However, we have already found that the evidence does show.that Barker was in constructive possession of the precursors to manufacture methamphetamine. Barker does question the credibility of Deckelman’s testimony. Nonetheless, the jury is the sole judge of the credibility of the witnesses and evidence. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993). Accordingly, the verdict was not against the overwhelming weight of the evidence and no injustice would be sanctioned by allowing this verdict to stand. Therefore, this second assignment of error is without merit.
¶ 16. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF PRECURSOR CHEMICALS WITH THE INTENT TO MANUFACTURE A CONTROLLED SUBSTANCE AND SENTENCE OF FIFTEEN YEARS WITH EIGHT TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND SEVEN YEARS POST RELEASE SUPERVISION AND FINE OF $5,000 IS AFFIRMED. SENTENCE TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.