921 So.2d 1287 (2006)
Tommy STEWART, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01838-COA.
Court of Appeals of Mississippi.
February 21, 2006.
*1288 David H. Strong, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
BARNES, J., for the Court.
¶ 1. Tommy Stewart appeals from a jury verdict entered against him by the Circuit Court of Lincoln County. Stewart was indicted and found guilty of possession of at least one tenth of a gram but less than two grams of cocaine. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On August 1, 2002, Stewart was driving within the city limits of Brookhaven, Mississippi, in a car allegedly owned by an individual named Sharon Weathersby, an "ex-friend" of Stewart's. Officer Tony Moak of the Brookhaven Police Department, who was on patrol that day, observed Stewart driving the car. Knowing that Stewart did not have a driver's license, Officer Moak stopped the car. When he approached the car, Officer Moak detected the scent of alcohol. He questioned Stewart as to the source of the odor, whereupon Stewart admitted that there was an open beer in the back of the car. Officer Moak placed Stewart under arrest and escorted him to the back of the police cruiser. Officer Moak then returned to remove the keys from the car and to secure it. As he opened the door to the car, he looked down and noticed, in plain view, what appeared to be crack cocaine in the driver's side door pocket. Officer Moak collected the substance and proceeded to transport Stewart to jail.
¶ 3. Officer Moak testified that, during the trip to jail, Stewart told Officer Moak that the cocaine was not his. Instead, Stewart claimed that the cocaine belonged to another individual, Cedric Watson, who had been riding in the car with Stewart earlier in the day. According to Officer Moak's version of events, Stewart told Officer Moak that when he dropped Watson off, Watson indicated that he lost his cocaine, and that he accused Stewart of stealing it. However, Stewart told Officer Moak that he was unaware that the cocaine had been in the pocket of the driver's side door of the car.
¶ 4. When Officer Moak and Stewart arrived at the police station, Stewart was read his Miranda rights and was questioned by Officer Scott Thompson of Southwest Narcotics. Officer Thompson asked Stewart if he would be interested in cooperating with Southwest Narcotics, by working with the department "to purchase or give up information on other illegal narcotics in the area." At this point, Officer Thompson stated that Stewart admitted, "I guess it's mine." Officer Thompson testified his belief that Stewart had admitted *1289 his guilt with this statement, and that he intended to cooperate with the department. However, Officer Thompson failed to reflect this oral admission in the police report he prepared regarding the incident. He gave Stewart his card so that Stewart could contact him to fulfill his cooperation with the department. Stewart denied making the admission, although he agreed that Officer Thompson had given him his card and asked for cooperation.
¶ 5. Following the trial held on May 17, 2004, in which Stewart testified on his own behalf, the jury returned a verdict of guilty of unlawful possession of at least one tenth of a gram but less than two grams of cocaine. Stewart was sentenced to eight years in the custody of the Mississippi Department of Corrections, fined $50,000, and ordered to pay restitution of $674.18, attorney's fees of $2,500, and costs of court. The trial court denied a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which was filed by Stewart. Aggrieved by the denial of his motion, Stewart contends on appeal that the verdict of the jury is contrary to the overwhelming weight of the evidence, and that the evidence is insufficient to prove beyond a reasonable doubt that he was in constructive possession of the cocaine. Finding that there was substantial evidence to support the verdict of the jury, and that the facts did not point overwhelmingly in Stewart's favor, we affirm.

STANDARD OF REVIEW
¶ 6. "When reviewing the denial of a motion for a new trial based on an objection to the weight of the evidence, this Court will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. In evaluating such a motion, the evidence should be viewed in the light most favorable to the verdict." Houston v. State, 911 So.2d 1018, 1023(¶ 17) (Miss. 2005) (citing Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005)).
¶ 7. In considering the sufficiency of the evidence, the relevant inquiry is "whether the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." Bush, 895 So.2d at 842(¶ 16) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)) (internal quotes omitted).

ANALYSIS
¶ 8. Stewart argues that the following facts justify a reversal of his conviction of constructive possession of cocaine: (1) Stewart "was driving a motor vehicle which belonged to someone else on the date of the alleged [offense]"; (2) "[t]here was no evidence presented at trial that Tommy Stewart was ever in actual physical possession of the crack cocaine," and that proximity to the substance is insufficient by itself to establish constructive possession; and (3) the admission testified to by Officer Thompson should be discredited because Officer Thompson failed to take note of the admission in his police report, and because Officer Moak "testified that Stewart never confessed to him, but stated that the drugs were not his, but belonged to a man named Cedric Watson."
¶ 9. "The State is not required to prove actual physical possession of a narcotic to show possession...." Beard v. State, 812 So.2d 250, 253(¶ 10) (Miss.Ct. App.2002). Rather, "[c]onstructive possession may be shown by establishing that the drug involved was subject to [the defendant's] dominion or control." Curry v. State, 249 So.2d 414, 416 (Miss.1971). "[T]here must be sufficient facts to warrant a finding that [the] defendant was *1290 aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Id. "Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." Id.
¶ 10. Examining the evidence in the light most favorable to the verdict, we find that there is clearly sufficient evidence to support a jury verdict that Stewart was in constructive possession of cocaine, and that the evidence does not point overwhelmingly against the verdict. We will deal with each of Stewart's arguments in turn. First, testimony elicited at trial did indicate that Stewart was driving a motor vehicle which was owned by someone else at the time of his arrest. However, the evidence also established that Stewart was the sole occupant of the vehicle at the time of the arrest, and that the cocaine was found in plain view in the pocket of the driver's side door. Thus, while Stewart denied knowledge that the cocaine was in the vehicle, it was nevertheless located in an obvious position in very close proximity to his person.
¶ 11. Second, as previously stated, actual physical possession need not be established by the State. It is sufficient that the substance is within the defendant's dominion or control. Curry, 249 So.2d at 416. Testimony was presented at trial which established more than mere proximity to the cocaine. Officer Thompson testified that Stewart admitted to him that he was the owner of the cocaine. Further, Officer Moak testified that Stewart claimed that the cocaine was owned by Cedric Watson, who, according to Stewart, was accusing Stewart of having stolen the cocaine. This admission would indicate that Stewart at least had knowledge of the presence of the cocaine. Lastly, Officer Moak testified that the cocaine was discovered in a plainly visible position in close proximity to Stewart, the sole occupant of the vehicle. While Stewart denied at trial that he had admitted anything to either officer, this is a question of fact to be determined by the jury.
¶ 12. Third, although Officer Thompson failed to include the oral admission of Stewart in his police report of the incident, Stewart has made no claim that the oral admission was introduced in violation of the Mississippi Rules of Evidence. We find that the credibility of Officer Thompson's testimony was properly presented to the jury for consideration. Stewart's argument that Officer Moak testified to a different admission than Officer Thompson is likewise a question of fact to be weighed by the jury. It is entirely possible that Stewart offered a different version of events to Officer Moak than he did to Officer Thompson, or that, as he claimed, he offered them no version of events at all. The task of determining the most credible of the conflicting factual accounts was properly left to the jury. We also note that Stewart testified that Officer Thompson had given him his card and had requested Stewart to contact him in regards to cooperating with Southwest Narcotics. The jury could find from this testimony corroboration of Officer Thompson's testimony that he had given Stewart his card because Stewart had admitted guilt and Thompson believed that Stewart was intending to cooperate with him.
¶ 13. Accordingly, we find that there was sufficient evidence to meet each element of constructive possession of cocaine, and that the verdict of the jury was not against the overwhelming weight of the evidence. We affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF POSSESSION OF AT LEAST 0.1 GRAM BUT LESS THAN 2 GRAMS OF COCAINE AND SENTENCE OF EIGHT *1291 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FINE OF $50,000 AND $674.18 IN RESTITUTION TO LINCOLN COUNTY, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.