CARLTON, J., for the Court.
 

 ¶ 1. This ease presents for review the denial of a motion for new trial filed by Wendy Michelle Cheatham. On January 11, 2008, the Circuit Court of Leake County denied the motion, and Cheatham now appeals arguing that the verdict is against the overwhelming weight of the evidence. We find that the verdict was not against the overwhelming weight of the evidence and affirm the judgment of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 29, 2007, Cheatham was indicted, along with Jason McKee and Malcolm Allen, for possession of methamphetamine pursuant to Mississippi Code Annotated section 41-29-139(c)(l)(E) (Rev. 2005). The indictment stemmed from the execution of a search warrant on McKee’s
 
 *600
 
 camper. The search warrant was executed on April 11, 2007. Once officers gained entry to the camper, they found Cheat-ham, McKee, and Allen inside.
 

 ¶ 3. Inside the small camper, officers discovered approximately 170 grams of methamphetamine scattered throughout the camper. A portion of the methamphetamine was found in plain view on the dining room table just inside the entrance to the camper. Another portion of the methamphetamine was found in a bedroom not far from the table, while another portion was found in the bathroom adjacent to the table. Consequently, Cheatham, McKee, and Allen were taken into custody.
 

 ¶ 4. The next day, April 12, 2007, Officer Clay McCombs, a narcotics investigator with the Leake County Sheriffs Office, interviewed Cheatham in the presence of Sarah Thames, an employee of the facility in which Cheatham was being detained. Officer McCombs gave Cheatham a
 
 Mi
 
 randa
 
 [1]
 
 warning, and Cheatham signed a
 
 waiver
 
 of her rights. Cheatham then confessed that the methamphetamine found inside the camper was hers. When asked where she obtained the methamphetamine, Cheatham stated she manufactured the methamphetamine. Despite this voluntary confession, Cheatham later claimed it was not true and attempted to prove such at trial.
 

 ¶ 5. On October 31, 2007, Cheatham entered a plea of not guilty in the Circuit Court of Leake County. At trial, in addition to her own testimony denying the truthfulness of her confession, Cheatham offered the testimony of McKee who testified that the methamphetamine recovered did not belong to Cheatham. On January 8, 2008, the jury convicted Cheatham of possession of more than thirty grams of methamphetamine, and the court sentenced her to ten years in the custody of the Mississippi Department of Corrections, with four years suspended and four years of post-release supervision. On January 11, 2008, Cheatham filed a motion for a new trial challenging the weight of the evidence, which was denied that same day. Cheatham timely appealed on January 11, 2008.
 

 STANDARD OF REVIEW
 

 ¶ 6. “When reviewing a denial of a motion for a new trial[,] [we] will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005) (citing
 
 Herring v. State,
 
 691 So.2d 948, 957 (Miss.1997)). The scope of this Court’s review is limited: all the evidence must be viewed in a light most favorable to the verdict, and this Court will reverse only when we are convinced that the circuit court abused its discretion.
 
 Herring,
 
 691 So.2d at 957. “Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system.”
 
 Howery v. State,
 
 809 So.2d at 761, 763 (¶ 7) (Miss.2002) (quoting
 
 Hughes v. State,
 
 724 So.2d 893, 896 (¶ 14) (Miss.1998)).
 

 LAW AND ANALYSIS
 

 ¶ 7. The circuit court jury convicted Cheatham of constructive possession. With regard to constructive possession, supreme court precedent provides:
 

 What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the
 
 *601
 
 concept of “possession” is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself [it] is not adequate in the absence of other incriminating circumstances.
 

 Curry v. State,
 
 249 So.2d 414, 416 (Miss.1971). Further, as in this case, when the illegal substances are found on premises not owned by the particular defendant, physical proximity, by itself, is not enough to prove constructive possession.
 
 Hamm v. State,
 
 735 So.2d 1025, 1029 (¶ 18) (Miss. 1999). In such a case, the State must show other incriminating circumstances, in addition to proximity, in order to prove constructive possession.
 
 Fultz v. State,
 
 573 So.2d 689, 690 (Miss.1990).
 

 ¶ 8. These rules were applied in
 
 Buie v. State,
 
 761 So.2d 892 (Miss.Ct.App.2000) to facts involving constructive possession and a disputed confession. In
 
 Buie,
 
 the defendant lived in a house with three other individuals, and while the defendant was not at home, police executed a search warrant on the house.
 
 Id.
 
 at 892-93 (¶ 2). The search revealed drugs, weapons, and large sums of cash in what police believed was
 
 Buie’s
 
 bedroom.
 
 Id.
 
 at 893 (¶ 2). After turning himself in to the police the next day, the defendant initially confessed that the drugs were his, but later he denied making the confession.
 
 Id.
 
 at (¶ 3). Based on the defendant’s proximity to where the drugs were found and his confession, he was found to be in constructive possession of the contraband.
 
 Id.
 
 at (¶10).
 

 ¶ 9. The defendant then unsuccessfully moved for a new trial.
 
 Id.
 
 On review, this Court, taking as true the evidence supportive of the guilty verdict, upheld the trial court’s denial finding the testimony as to the defendant’s confession provided competent evidence to support the jury’s finding of constructive possession, despite the lack of fingerprint analysis or other physical evidence of possession.
 
 Id.
 
 at 894 (¶¶ 10-11). Significantly, the Court found that the confession was “an additional incriminating fact connecting [the defendant] to the contraband.”
 
 Id.
 
 at (¶ 10). The dispute over the confession “conjures a credibility issue” within the realm of the jury, and the issue was “obviously resolved” by the jury in favor of the State.
 
 Id.
 

 ¶ 10. Yet another case finding constructive possession despite a disputed confession is
 
 Stewart v. State,
 
 921 So.2d 1287 (Miss.Ct.App.2006). The defendant in
 
 Stewart
 
 was arrested for possession of cocaine when he was pulled over while driving a car belonging to someone else.
 
 Id.
 
 at 1288 (¶2). The cocaine was found in plain view in the driver’s side door pocket, and Stewart stated at the police station, with regard to the cocaine: “I guess it’s mine.”
 
 Id.
 
 at 1288 (¶ 4). The trial court considered this to be a confession, and Stewart was found to have constructively possessed the cocaine despite denying ever making the admission.
 
 Id.
 
 at 1289 (¶¶ 4-5).
 

 ¶ 11. On appeal, the defendant challenged the verdict arguing that it was against the overwhelming weight of the evidence.
 
 Id.
 
 at (¶ 8). Upholding the verdict, this Court found that the confession provided an incriminating circumstance in addition to mere proximity to the cocaine.
 
 Id.
 
 at 1290 (¶ 11). Of substantial impor
 
 *602
 
 tance, we noted the dispute surrounding Stewart’s confession was a question of fact to be resolved by the jury.
 
 Id.
 
 at (¶ 12).
 

 ¶ 12. Returning to the case at bar, taking as true the evidence which supports the verdict finding Cheatham guilty, there are both proximity and an additional incriminating circumstance — Cheatham’s confession — as was the case in both
 
 Buie
 
 and
 
 Stewart.
 
 Under our limited review, this Court must accept as true the testimony demonstrating Cheatham was in close proximity to the methamphetamine.
 
 See Herring,
 
 691 So.2d at 957. Specifically, Cheatham knew that methamphetamine was present in the small camper the night the search took place and that a portion of the methamphetamine was found in plain view on the dining room table in close proximity to where Cheatham was standing when officers entered the camper. Having established close proximity, we must also take as true the additional incriminating circumstance: Cheatham’s voluntary confession to Officer McCombs that the methamphetamine belonged to her. Such was enough for the jury to weigh the evidence in favor of conviction. Accordingly, we conclude that the guilty verdict does not lead to an unconscionable injustice and find that the circuit court correctly denied the motion for a new trial.
 

 ¶ 18. We find that Cheatham’s confession was voluntary. Consequently, it was entirely within the prerogative of the jury to determine the weight and credibility to be assigned to Cheatham’s voluntary confession. “[T]he weight and credibility of an accused’s confession is for the jury to decide.”
 
 Lee v. State,
 
 457 So.2d 920, 922 (Miss.1984) (citing
 
 Wilson v. State,
 
 451 So.2d 724, 726 (Miss.1984)). The jury heard testimony from Officer McCombs, Thames, and even from Cheat-ham herself, and, in reaching a guilty verdict, the jury found the confession credible.
 

 ¶ 14. In an attempt to distance herself from her voluntary confession, Cheatham offers two principal arguments, but neither argument requires the sort of relief Cheat-ham seeks. First, Cheatham posits that her confession was uncorroborated, and thus her conviction cannot stand. Cheatham cites
 
 Anderson v. State,
 
 184 Miss. 892, 894, 186 So. 836, 836 (1939) in support of her argument. That ease involved an escaped prisoner whose handcuffs were removed at some time between his escape and capture.
 
 Id.
 
 The defendant was charged with aiding the escaped prisoner based on the defendant’s alleged confession that he removed the escaped prisoner’s handcuffs.
 
 Id.
 
 Besides the absence of the handcuffs, there was no other evidence corroborating the defendant’s alleged confession.
 
 Id.
 

 ¶ 15. Based on the facts of the case at bar,
 
 Anderson
 
 is inapplicable. Cheatham’s confession must be considered in light of the physical evidence and her own testimony. The officers conducting the search found nearly 170 grams of methamphetamine in the small camper in which Cheat-ham was present. The methamphetamine was found strewn about the small camper: in the bedroom, in the bathroom, and in plain view on the dining room table. Moreover, Cheatham testified she was aware of the presence of the methamphetamine on the evening in question. Accordingly, the Court is not faced with such an uncorroborated confession.
 

 ¶ 16. Second, Cheatham places great emphasis on McKee’s testimony that the methamphetamine belonged to him rather than Cheatham. Such emphasis, however, is misplaced. “Factual disputes are properly resolved by the jury and do not mandate a new trial.”
 
 McNeal v. State,
 
 617 So.2d 999, 1009 (Miss.1993) (citing
 
 Temple v. State,
 
 498 So.2d 379, 382 (Miss.1986)). If anything, McKee’s testi
 
 *603
 
 mony creates a factual dispute between Ms testimony and Cheatham’s voluntary confession. Echoing
 
 Buie
 
 and
 
 Stewart,
 
 such a dispute was within the jury’s purview to resolve, and the jury resolved this dispute by finding Cheatham guilty. Consequently, the jury’s resolution of this factual dispute does not provide a ground for a new trial.
 

 CONCLUSION
 

 ¶ 17. We find that the circuit court did not abuse its discretion in denying Cheat-ham’s motion for a new trial. Specifically, the guilty verdict was not “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush,
 
 895 So.2d at 844(¶ 18) (citations omitted). We, therefore, affirm the circuit court’s denial of Cheatham’s motion for a new trial.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF POSSESSION OF METHAMPHETAMINE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR YEARS SUSPENDED AND FOUR YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (requiring defendants be informed of the right to consult with an attorney before and during questioning, the right against self-incrimination prior to questioning by police, and that defendants not only understand these rights, but voluntarily waive those rights).